# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SEMCRUDE, L.P., *et al.*, | ) |
| | ) Bank. No. 08-11525 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC, | ) ) ) ) |
| Appellants, | ) |
| | ) Civ. No. 10-447-SLR |
| v. | ) |
| CONOCOPHILLIPS COMPANY, | ) |
| Appellee. | ) |
| PRODUCER DEFENDANTS, | ) |
| Appellants, | ) |
| | ) Civ. No. 10-448-SLR |
| v. | ) |
| CONOCOPHILLIPS COMPANY, | ) |
| Appellee. | ) |
| PRODUCER DEFENDANTS, | ) |
| Appellants, | ) |
| | ) Civ. No. 10-449-SLR |
| v. | ) |
| J. ARON & COMPANY, | ) |
| Appellee. | ) |

| | |
|---|---|
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC,<br><br>    Appellants,<br><br>v.<br><br>J. ARON & COMPANY,<br><br>    Appellee. | Civ. No. 10-450-SLR |
| PRODUCER DEFENDANTS,<br><br>    Appellants,<br><br>v.<br><br>J. ARON & COMPANY,<br><br>    Appellee. | Civ. No. 10-451-SLR |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC,<br><br>    Appellants,<br><br>v.<br><br>BP OIL SUPPLY COMPANY,<br><br>    Appellee. | Civ. No. 10-452-SLR |
| PRODUCER DEFENDANTS,<br><br>    Appellants,<br><br>v. | Civ. No. 10-453-SLR |

| | |
|---|---|
| BP OIL SUPPLY COMPANY,<br><br>    Appellee. | )<br>)<br>)<br>) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC,<br><br>    Appellants,<br><br>    v.<br><br>PLAINS MARKETING LP,<br><br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 10-454-SLR<br>)<br>)<br>)<br>)<br>)<br>) |
| PRODUCER DEFENDANTS,<br><br>    Appellants,<br><br>    v.<br><br>PLAINS MARKETING LP,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) Civ. No. 10-455-SLR<br>)<br>)<br>)<br>)<br>) |
| HOPE PARTNERS INC., et al.,<br><br>    Appellants,<br><br>    v.<br><br>J. ARON & COMPANY,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) Civ. No. 10-456-SLR<br>)<br>)<br>)<br>)<br>) |
| HOPE PARTNERS INC., et al.,<br><br>    Appellants,<br><br>    v. | )<br>)<br>)<br>) Civ. No. 10-457-SLR<br>) |

| | |
|---|---|
| CONOCOPHILLIPS COMPANY,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) |
| HOPE PARTNERS INC., et al.,<br><br>    Appellants,<br><br>v.<br><br>BP OIL SUPPLY COMPANY,<br><br>    Appellee. | )<br>)<br>)<br>) Civ. No. 10-458-SLR<br>)<br>)<br>)<br>)<br>) |
| HOPE PARTNERS INC., et al.,<br><br>    Appellants,<br><br>v.<br><br>PLAINS MARKETING LP,<br><br>    Appellee. | )<br>)<br>)<br>) Civ. No. 10-459-SLR<br>)<br>)<br>)<br>)<br>) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC,<br><br>    Appellants,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) Civ. No. 10-460-SLR<br>)<br>)<br>)<br>)<br>) |
| NEW DOMINION LLC,<br><br>    Appellant, | )<br>)<br>) Civ. No. 10-461-SLR |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| J. ARON & COMPANY, | ) |
|  | ) |
|     Appellee. | ) |
|  | ) |
|  | ) |
| NEW DOMINION LLC, | ) |
|  | ) |
|     Appellant, | ) |
|  | ) Civ. No. 10-462-SLR |
| v. | ) |
|  | ) |
| BP OIL SUPPLY COMPANY, | ) |
|  | ) |
|     Appellee. | ) |
|  | ) |
|  | ) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC, | ) |
|  | ) |
|     Appellants, | ) |
|  | ) Civ. No. 10-463-SLR |
| v. | ) |
|  | ) |
| J. ARON & COMPANY, | ) |
|  | ) |
|     Appellee. | ) |
|  | ) |
| IC-CO INC., WEOC INC., and RESERVE MANAGEMENT INC., | ) |
|  | ) |
|     Appellants, | ) |
|  | ) Civ. No. 10-464-SLR |
| v. | ) |
|  | ) |
| J. ARON & COMPANY, | ) |
|  | ) |
|     Appellee. | ) |
|  | ) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON | ) |

| | |
|---|---|
| CONTOUR ENERGY E&P LLC, | ) |
| Appellants, | ) |
| | ) Civ. No. 10-465-SLR |
| v. | ) |
| | ) |
| PLAINS MARKETING LP, | ) |
| Appellee. | ) |
| | ) |
| SAMSON RESOURCES COMPANY, SAMSON LONE STAR LLC, and SAMSON CONTOUR ENERGY E&P LLC, | ) |
| Appellants, | ) |
| | ) Civ. No. 10-466-SLR |
| v. | ) |
| | ) |
| BP OIL SUPPLY COMPANY, | ) |
| Appellee. | ) |
| | ) |
| IC-CO INC., WEOC INC., and RESERVE MANAGEMENT INC., | ) |
| Appellants, | ) |
| | ) Civ. No. 10-467-SLR |
| v. | ) |
| | ) |
| J. ARON & COMPANY, | ) |
| Appellee. | ) |
| | ) |
| NEW DOMINION LLC, | ) |
| Appellant, | ) |
| | ) Civ. No. 10-468-SLR |
| v. | ) |
| | ) |
| J. ARON & COMPANY, | ) |
| Appellee. | ) |

|   |   |
|---|---|
| NEW DOMINION LLC, ) ) ) Appellant, ) ) v. ) ) BP OIL SUPPLY COMPANY, ) ) Appellee. ) | ) ) ) ) ) ) ) Civ. No. 10-469-SLR ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of October, 2010, having reviewed the papers submitted in connection with the above captioned appeals;

IT IS ORDERED that the above captioned appeals are dismissed for the reasons that follow:

1. **Background.**[1] On April 9, 2010, the bankruptcy court entered an order denying the motions to dismiss, for lack of subject matter jurisdiction, a series of complaints filed by adversary plaintiffs who purchased oil and gas (the "Downstream Purchasers")[2] against numerous named adversary defendants who are producers of oil and gas (the "Producers").[3] Applying the time of filing rule, the bankruptcy court held

---

[1] The bankruptcy court's April 9, 2010 opinion contains additional background. See In re SemCrude, L.P., 428 B.R. 82 (Bankr. D. Del. 2010).

[2] The Downstream Purchasers are ConocoPhillips Company, J. Aron & Company, BP Oil Supply Company, and Plains Marketing LP.

[3] The Producers are Samson Resources Company, Samson Lone Star LLC, and Samson Contour Energy E&P LLC (collectively, "Samson"); New Dominion LLC; Hope Partners Inc.; IC-CO, Inc.; WEOC, Inc.; Reserve Management; and the Producer Defendants. The Producer Defendants include Arrow Oil & Gas, Inc.; Chesapeake Energy Marketing, Inc.; Special Energy Corporation, DC Energy, Inc.; Thunder Oil and

that it possessed related-to jurisdiction over the adversary proceedings because "[a]ny determination of the Downstream Purchasers' claims will necessarily affect the distribution to which other creditors are entitled under the Plan [of reorganization]." *In re SemCrude, L.P.*, 428 B.R. 82, 99 (Bankr. D. Del. 2010). Furthermore, the bankruptcy court concluded that the disputes between the Producers and the Downstream Purchasers would require the bankruptcy court to construe its own prior orders and rulings, and the debtors would be required to cooperate in any discovery in "any other litigation by oil and gas producers against the Downstream Purchasers relating to oil and gas . . . purchased from the Debtors" pursuant to the plan of reorganization. *Id.* at 100. The bankruptcy court also declined to exercise permissive abstention, concluding that, although a number of factors weighed in favor of abstention, a determination of the issues would likely require construction of the bankruptcy court's prior orders, the bankruptcy court would be well-positioned to provide for the efficient administration of the cases, and the doctrine of the law of the case does not favor permissive abstention due to the decisions of six federal judges who transferred venue to the bankruptcy court.

---

Gas, LLC; Veenker Resources, Inc.; Lance Ruffel Oil & Gas Corp.; JMA Energy Company, LLC; LCS Production Co.; Murfin Drilling Company, Inc.; Vess Oil Corporation; LD Drilling, Inc.; Davis Petroleum, Inc.; RAMA Operating Co., Inc.; Mull Drilling Company, Inc.; D E Exploration, Inc.; Braden-Deem, Inc.; Dunne Equities, Inc. Lario Co.; LLC, Short & Short, LLC; Tempest Energy Resources, LP; Calvin Noah; CMX, Inc.; L & J Oil Properties, Inc.; McGinness Oil Company of Kansas, Inc.; Daystar Petroleum, Inc.; F.G. Holl Company, LLC; GRA EX, LLC; VJI Natural Resources, Inc.; J & D Investment Company; Landmark Resources, Inc.; Mid-Continent Energy Corporation; Molitor Oil, Inc.; Osborne Heirs Company; Pickrell Drilling Company, Inc.; Platte Valley Oil Company, Inc.; Midwest Energy, Inc.; Red Oak Energy, Inc.; Ritchie Exploration, Inc.; Thoroughbred Associates, LLC; Viking Resources, Inc.; Vincent Oil; Wellstar Corporation; White Exploration, Inc.; and White Pine Petroleum Corporation.

2. Presently before the court are the Downstream Purchasers' nineteen (19) motions to dismiss the appeals, including four motions for joinder to the motions to dismiss, the Producers' seventeen (17) motions for leave to appeal, and five (5) motions to strike certain of the motions to dismiss in the above-captioned actions.[4] These motions are overlapping and concern this court's jurisdiction over the appeals. Specifically, the motions implicate two primary questions: (1) whether the appellants may appeal as of right, and (2) whether the appellants meet the requirements for an interlocutory appeal.

3. **Analysis.** This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" or "with leave of court, from other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1), (a)(3). For the reasons that follow, the court concludes that it lacks jurisdiction to review the bankruptcy court's April 9, 2010 opinion denying the Producers' motion to dismiss for lack of subject matter jurisdiction.

4. **Appeal as of right.** Pursuant to 28 U.S.C. § 158(a)(1), this court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. In determining whether an order of the bankruptcy court is final, the court is required to take a flexible, pragmatic approach because bankruptcy proceedings "often are protracted and involve numerous parties with different claims."

---

[4]In Samson Resources Company, Samson Lone Star LLC, and Samson Contour Energy E&P LLC v. ConocoPhillips Company (Civ. No. 10-447), no motions have been filed. However, the same jurisdictional issues exist in that case. Because this court has determined that the Producers may not appeal as of right and may not file an interlocutory appeal in the related cases, this court does not have appellate jurisdiction and the appeal shall be dismissed pursuant to 28 U.S.C. § 158(a).

*In re Natale*, 295 F.3d 375, 378-79 (3d Cir. 2002); *see also In re Armstrong World Indus., Inc.*, 432 F.3d 507 (3d Cir. 2005). Generally, the denial of a case or issue dispositive motion is not considered to be a final decision subject to immediate appeal, even under this flexible approach to finality. *See, e.g., Harrison v. Nissan Motor Corp.*, 111 F.3d 343, 347 (3d Cir. 1997) ("The denial of a motion to dismiss for lack of subject matter jurisdiction is not appealable"); *In re Smith*, 735 F.2d 459, 461 (11th Cir. 1984) (denial of summary judgment by a bankruptcy judge is not a final order); *see generally Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989) (declining to hear an interlocutory appeal where the defendant was claiming that suit was not properly before the particular court because the court lacked jurisdiction).

5. Although finality is viewed pragmatically in bankruptcy proceedings generally, e.g., where the bankruptcy court is ushering a debtor toward reorganization or liquidation, adversary proceedings are more akin to civil cases filed in district courts in which a plaintiff sues a defendant over discrete claims. Consequently, "in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation." *Natale*, 295 F.3d at 379. As in general civil cases, "an order in an individual adversary proceeding is not final unless it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *In re Mac Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)).

6. The court concludes that the Producers may not appeal as of right in the instant cases because the bankruptcy court's order is not "final" in light of the foregoing

authority. The bankruptcy court's denial of the Producers' motions to dismiss for lack of subject matter jurisdiction did not terminate the bankruptcy court litigation on the merits.

7. **Interlocutory appeal.** In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted. *See In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009); *In re Magic Rests., Inc.*, 202 B.R. 24, 25 (D. Del. 1996). The party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). Piecemeal litigation is generally disfavored by the Third Circuit. *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988).

8. Moreover, under § 1292(b), an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Leave to file an interlocutory appeal, however, may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. *Id.*; *see also SemCrude*, 407 B.R. at 557.

9. The court is not persuaded that the Producers have established the criteria

necessary for justifying an interlocutory appeal. First, to demonstrate that a controlling issue of law exists, the Producers cite case law supporting the proposition that the incorrect denial of a motion to dismiss for lack of jurisdiction would constitute reversible error. *Babcock & Wilcox Co. v. Kan. City S. Ry. Co.*, 557 F.3d 134 (3d Cir. 2009) (appeal taken pursuant to § 1291 after final judgment was entered); *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 386 (M.D. Pa. 2007) (motion to dismiss for lack of subject matter jurisdiction usually involves a controlling question of law). However, the court is not convinced that the Producers have raised a question of law because the bankruptcy court's denial of the motions to dismiss was based on its finding that it had related to jurisdiction, which is a fact-intensive inquiry. The Third Circuit has held that "[w]hat will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis." *In re W.R. Grace & Co.*, 591 F.3d 164, 174 n.9 (3d Cir. 2009). To the extent the Producers argue that there is no related to jurisdiction because the outcome of the adversary proceedings could not conceivably have an effect on the estate, they challenge the bankruptcy court's largely factual determination regarding the effect of the claims on the estate.

10. Second, the court is not persuaded that substantial grounds for difference of opinion exist as to the correct legal standard for the time of filing rule, related to jurisdiction and abstention. "A party's disagreement with the [bankruptcy] court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)." *Hurst v. City of Dover*, Civ. No. 04-083, 2006 WL 2347707, at *2 (D. Del.

Mar. 21, 2006) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001)). "The difference of opinion must arise out of genuine doubt as to the correct legal standard." *Id.* (internal quotations omitted).

11. The Producers contend that an interlocutory appeal is appropriate because the bankruptcy court declined to follow *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3d Cir. 1996), a Third Circuit case that rejects the application of the time of filing rule in certain situations. Contrary to the Producers' assertions, the bankruptcy court's April 9, 2010 opinion merely distinguishes the facts of the instant cases from those in *New Rock*. As the bankruptcy court explained, the Third Circuit's narrow holding in *New Rock* rejects an "absolute time of filing requirement," but does not prohibit its application where appropriate. *See SemCrude*, 428 B.R. at 97. Even if this court were to accept as true the Producers' argument that the difference between *New Rock* and the instant cases goes beyond factual distinctions, the Producers' citation to two authorities is insufficient to support their contention that there are substantial grounds for a difference of opinion. *See Arista Records, Inc. v. Flea World, Inc.*, No. 03-2670, 2006 WL 2882990, at *3 (D.N.J. Oct. 10, 2006) ("The difference of opinion must be legally significant (e.g., multiple courts disagree as to the applicable legal standard)"). The Producers' citation to *New Rock* merely evidences disagreement with the bankruptcy court's ruling and does not reflect a divergence of opinions among courts so as to demonstrate doubt over the applicable legal standards.

12. The bankruptcy court's application of the standard for related to jurisdiction

7

likewise does not give rise to substantial grounds for a difference of opinion. The bankruptcy court applied the legal standards set forth in well-established Third Circuit case law in reaching its conclusion, and the Producers do not dispute the legal standard adopted by the bankruptcy court. Instead, the Producers rehash the bankruptcy court's application of the standard to the facts in the record, evidencing their disagreement with the bankruptcy court's ruling. The Producers' argument regarding the "close nexus" standard also fails because it challenges the bankruptcy court's conclusion on purely factual grounds.

13. The Producers also allege that there are substantial grounds for a difference of opinion regarding the bankruptcy court's decision to decline to exercise permissive abstention. However, it is apparent that the bankruptcy court considered the twelve factors set forth in *In re LaRoche Indus., Inc.*, 312 B.R. 249, 253-54 (Bankr. D. Del. 2007), to determine whether discretionary abstention was appropriate. *See SemCrude*, 428 B.R. at 101-02. There is no genuine difference in opinion as to the factors a court should consider in determining whether discretionary abstention is appropriate. The Producers disagree instead with the bankruptcy court's decision against abstention. The court concludes that the Producers' mere disagreement with the bankruptcy court's determination does not create substantial grounds for a difference of opinion.

14. Third, the Producers must demonstrate that a resolution of the matter would materially advance the ultimate termination of the litigation. The Producers contend that, if this court grants leave to appeal and subsequently finds that the bankruptcy court lacks jurisdiction, the appeals would be dismissed. However, if the court determines that the bankruptcy court was correct, the litigation will be considerably

delayed due to the time and cost that would be expended by the parties in briefing and arguing the appeals. Even assuming the Producers are ultimately successful in overturning the bankruptcy court's denial of the motion to dismiss for lack of subject matter jurisdiction, the Producers would proceed in multiple suits in various state courts. Therefore, the court is persuaded that an interlocutory appeal is likely to further delay, rather than expedite the ultimate disposition of these cases.

15. Furthermore, the Producers fail to present exceptional circumstances justifying the need for immediate review. "[A] party seeking leave to pursue an interlocutory appeal must demonstrate, in the context of the factors cited above, some circumstance or reason that distinguishes the case from the procedural norm and establishes the need for immediate review." *Magic Rests.*, 202 B.R. at 26-27. Thus, appellate review of the bankruptcy court's order must await further disposition of the case below.

16. **Motions to strike.** In response to the Downstream Purchasers' motions to dismiss the appeals, Samson and the Producer Defendants filed motions to strike, arguing that this court's 2004 Standing Order regarding mandatory mediation of bankruptcy appeals precludes the filing of the motions to dismiss. Samson further contends that the motions to dismiss are procedurally improper and contravene the Bankruptcy Rules because Samson's motion for leave to appeal was properly filed.

17. The 2004 Standing Order provides that "[b]riefing shall be deferred during the pendency of mediation." (Jul. 26, 2004 Standing Order at ¶ 3) As the Producer Defendants correctly indicate, the clerk of court entered a Notice of Docketing in the above-captioned cases on June 1, 2010, which provides that "this case shall be

referred to the Appellate Mediation Panel, and briefing will be deferred" pursuant to the Standing Order. Although the instant appeals were sent to a mediator on June 3, 2010, the mediation did not go forward and the court subsequently stayed mediation at the July 1, 2010 status conference in light of the pending motions. Therefore, the Standing Order does not preclude the Downstream Purchasers' motions to dismiss.

18. Moreover, the court fails to understand how Samson's compliance with Bankruptcy Rule 8003 precludes the Downstream Purchasers from filing motions to dismiss the appeals on jurisdictional grounds in those proceedings. Samson cites no authority in support of its argument that the motions to dismiss are procedurally improper and contravene the Bankruptcy Rules, nor has this court found any authority to support Samson's contention.

19. **Conclusion.** For the foregoing reasons, the court concludes that the Producers do not have an appeal as of right, nor do they meet the requirements of an interlocutory appeal. The Downstream Purchasers' motions to dismiss the appeals are granted, the motions to strike the Downstream Purchasers' motions to dismiss are denied, and the Producers' motions for leave to appeal are denied as follows:

  a. The Producer Defendants' motion for leave to appeal (Civ. No. 10-448, D.I. 6; Civ. No. 10-449, D.I. 7; Civ. No. 10-451, D.I. 10; Civ. No. 10-453, D.I. 12; Civ. No. 10-455, D.I. 6) is denied.

  b. Samson's motion for leave to appeal (Civ. No. 10-460, D.I. 7; Civ. No. 10-463, D.I. 10; Civ. No. 10-465, D.I. 8; Civ. No. 10-466, D.I. 14) is denied.

  c. Hope Partners Inc.'s motion for leave to appeal (Civ. No. 10-

456, D.I. 7; Civ. No. 10-457, D.I. 6; Civ. No. 10-458, D.I. 12; Civ. No. 10-459, D.I. 6) is denied.

    d. New Dominion LLC's motion for leave to appeal (Civ. No. 10-468, D.I. 9; Civ. No. 10-469, D.I. 13) is denied.

    e. The motion for leave to appeal filed by IC-Co Inc., WEOC Inc. and Reserve Management Inc. (Civ. No. 10-464, D.I. 8; Civ. No. 10-467, D.I. 7) is denied.

    f. J. Aron & Company's motion to dismiss based upon lack of appellate jurisdiction (Civ. No. 10-449, D.I. 4; Civ. No. 10-450, D.I. 7; Civ. No. 10-451, D.I. 5; Civ. No. 10-456, D.I. 4; Civ. No. 10-461, D.I. 5; Civ. No. 10-463, D.I. 6; Civ. No. 10-464, D.I. 5; Civ. No. 10-467, D.I. 4; Civ. No. 10-468, D.I. 5) is granted.

    g. BP Oil Supply Company's consolidated motion to dismiss appeals (Civ. No. 10-452, D.I. 10; Civ. No. 10-453, D.I. 9; Civ. No. 10-458, D.I. 9; Civ. No. 10-462, D.I. 10; Civ. No. 10-466, D.I. 10; Civ. No. 10-469, D.I. 10) is granted.

    h. Plains Marketing LP's motion for joinder to J. Aron & Company's motion to dismiss appeals (Civ. No. 10-454, D.I. 6; Civ. No. 10-455, D.I. 5; Civ. No. 10-459, D.I. 5; Civ. No. 10-465, D.I. 6) is granted.

    i. Samson's motion to strike Plains Marketing LP's joinder to J. Aron & Company's motion to dismiss appeals (Civ. No. 10-454, D.I. 7; Civ. No. 10-463, D.I. 9; Civ. No. 10-465, D.I. 7) is denied.

    j. Samson's motion to strike BP Oil Supply Company's motion to

dismiss appeals (Civ. No. 10-452, D.I. 13; Civ. No. 10-466, D.I. 13) is denied.

k. Samson's motion to strike J. Aron & Company's motion to dismiss appeals (Civ. No. 10-450, D.I. 10) is denied.

l. Civil Action No. 10-447 is dismissed sua sponte by this court for lack of appellate jurisdiction.

_____
United States District Court

12